Yabucoa Sugar Company, Plaintiff and Appellee, v. United Porto Rican Bank, Defendant and Appellant; Eusebio Benítez Carrillo et ux., Defendants.

No. 5166.  Argued June 26, 1930.—Decided July 24, 1931.

*Henry G. Molina* for appellant.  *González Fagundo & González Jr.* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

On December 21, 1928, the appellant, the United Porto Rican Bank, filed a complaint in the District Court of Humacao against Eugenio Benítez Carrillo covering the sum of $7,186.84, the balance of a "refaction" the contract for which had been executed on the 5th of July, 1927, and in the course of said suit, in accordance with section 7 of an

Act for agricultural advances, Laws of 1927, page 205, obtained an order requiring the registrar of property to extend the note (caveat) of said contract or the effect thereof in the registry of property until final judgment was rendered in the case.

With the foregoing suit pending, on December 31, 1928, the Yabucoa Sugar Company presented a complaint in which it alleged that it was the owner of the roots of the cane that should remain after the harvest of 1928, inasmuch as the said Yabucoa Sugar Co. had purchased them of Benítez on September 20, 1927, and that the agricultural lien of the bank for this crop covered solely the amount of $26,000 which had been totally satisfied by the cane produced for such harvest, which amounted to $36,000.

The prayer of the said complaint of the Yabucoa Sugar Company was that the court should say that the roots of the cane cultivated in the property involved should be declared to be the property of the said Yabucoa Sugar Company, and that the note made in the registry extending the time of the lien should be annulled. The court decided in favor of the plaintiff.

We have the idea that the complaint in this case is academic, but as this question has not been raised by the parties, we shall first attempt to discuss the questions somewhat as they have been presented by them. The appellant says that the question involved in this case is whether a contract of "refaction" in which a right is reserved to cover future advances and such advances are made, may be protected under the law.

It is not disputed that the intention of the United Porto Rican Bank and Eusebio Benítez Carrillo was to protect future advances. The appellant, however, meets the obstacle of our decision in the administrative appeal of *United Porto Rican Bank* v. *Registrar*, 38 P.R.R. 315. That case decides that certain agreements for advances could not be recorded in the registry of agricultural contracts for want of defi-

niteness in the amounts secured. The opinion relies on the case of *Rosenstadt & Waller, Inc.* v. *Registrar of Guayama,* 32 P.R.R. 439. The former case was treating of the Mortgage Law, and the latter case extended the reasoning to the registry of agricultural contracts.

Whether *United Porto Rican Bank* v. *Registrar, etc., supra,* could be distinguished or modified, as appellant maintains, we do not think it necessary to do so under the facts of this case. We are of the opinion that whether the contract for advances was recordable as such or not, the Yabucoa Sugar Company knew of this contract and recited it when it came to buy the roots of the cane from Eusebio Benítez Carrillo. Parties may make between them any contract not forbidden by law, and we have the idea that the executory contract between the United Porto Rican Bank and Benítez was perfectly good and, if good, enforceable, as admitted by the appellee, between the parties. Therefore, as the Yabucoa Sugar Company was aware of that, it would have been bound by the contract. In other words, if the foregoing theory is correct, the United Porto Rican Bank in fact was prior in time with respect to the roots of the cane which the Yabucoa Sugar Company subsequently bought; that the Yabucoa Sugar Company bought subject to the prior claim of the United Porto Rican Bank. The validity of an agricultural contract except as to third persons, does not depend upon its record in the registry.

Likewise, we agree with the appellant that sales of roots of cane are not recordable in the registry of agricultural contracts. Certain things relating to advances (*refacción*) and grinding (*molienda*) are recordable, but there is no authority to record sales whether of real or personal property. If A makes a contract with B in regard to the sale of a piece of real estate and for agricultural advances, the contract is recordable in the registry with respect to the agricultural advances, but the record of the sale of the real estate could have no effect unless otherwise duly recorded

in the registry of property. There is no different principle involved when a person sells personal property and accidentally causes a record of it to be made in the registry of agricultural contracts. We are not attempting to say whether the roots of cane are real or personal property.

Now, in December, 1927, the United Porto Rican Bank made an extended contract to cover certain advances made by it. We are not clear how much this additional contract covered in addition to the $26,000 originally loaned, but whatever its extension, the supposed record of the sale of the roots could in no way affect the United Porto Rican Bank, as it had two perfectly valid contracts recorded in the registry of agricultural contracts which were entitled to registry while the sale of the roots was not. The appellant asserts, and there is no contrary evidence, that the United Porto Rican Bank had no actual knowledge of the sale of the roots. The plaintiff says that the defendant did not rely on its original contract, otherwise there would be no necessity of extension. The defendant may have done so out of excess of caution.

We come then to the question of whether this suit is academic. If the Yabucoa Sugar Company acquired title to the roots of this cane, we do not see how it has any right to come into court and ask that the court should so declare. If a man buys a piece of property, he has no right to ask a court for a judgment saying that it is his exclusive property, and similarly with regard to any other sale. The Yabucoa Sugar Company, if it is the owner of the property, does not need a declaration of a court for that purpose. It is all academic, in accordance with the principles we have laid down in *Bianchi* v. *Pierazzi*, 25 P.R.R. 587; *Cortés Bros.* v. *Menéndez*, 39 P.R.R. 767. Hence, as the principal cause of action would fall, we think so would the subsidiary claim for the cancellation of a notice in the other suit. We question, too, whether in any event the note should be canceled, as it is a mere warning to other persons.

The judgment appealed from should be reversed and the complaint dismissed.